[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's motion for summary judgment is granted as there is no genuine issue as to any material fact and thus the defendant is entitled to a judgment as a matter of law.
There is no question that the written agreement between the homeowner and the contractor is devoid of the notice of cancellation required by 20-429 (a)(6) of the General Statutes. On its face then, the agreement is invalid and unenforceable unless it appears from the documentary evidence submitted by the parties that there is no genuine issue as to the material fact that the defendants have acted in bad faith. Barrett Builders v. Miller, 215 Conn. 308, 328.
While the plaintiff has alleged in its complaint that the defendant has acted in bad faith, it has failed to address the issue in its counter affidavit. It apparently takes the position that it is bad faith for the defendants to raise the issue as a defense when they never raised it before and because it was they and not the plaintiff who prepared the defective agreement. Additionally, the plaintiff asserts that the CT Page 5932 defendants have waived their right to take the advantage of the Home Improvement Act by consistently making payments and invoking certain provisions of the agreement. The short answer to this is that Barrett Builders v. Miller, supra, and its siblings announced by the court the same day make it clear that a homeowner cannot waive the protection of the statute in the manner described by the plaintiff.
This court acknowledges that in Barrett Builders, the Supreme Court seemed to recognize a bad faith exception to the otherwise absolute rule but it did not offer a test for bad faith. Consequently, this court must make its own inquiry into the meaning of "bad faith." Bad faith has been defined as "dishonesty, deceit, malice, intent to take unconscionable advantage." Doyle v. Gordon, 150 N.Y., Supp.2d 259. Neither the conclusory allegations of the complaint nor the documentary evidence submitted by the defendants raise any genuine issue as to any material fact relating to bad faith.
MOTTOLESE, J.